REVIEW—See Appeal 1. Bail 5. Forfeiture 2.

---

REVOCATION—See Bail 2. Will.

---

## SALE AND DELIVERY.

**EVARTS AND BUTLER** *against* **BUTLER ET AL.** *Franklin,* 1819.

A sale of lumber lying in Missisque river, at different places, and an agreement by the purchaser to receive the lumber as it lies in the river, is an executed contract, and no other delivery is necessary to transfer the property to the vendee.

The destruction of part of the property, by strangers, after such sale, does not excuse the purchaser from the payment.

WRIT of Error, founded on bill of exceptions allowed by the Judges of Franklin County Court.

The defendant in error, (plaintiffs below) declared in assumpsit : That whereas the said plaintiffs, on the 16th day of October, 1816, owned a large quantity of white pine masts and bowsprits, to wit, forty-one, then lying in Missisque river in the towns of Highgate and Swanton, in said County of Franklin, marked H. X. and the said defendants, at St. Albans, on the day and year last aforesaid, purchased of the plaintiffs the said forty-one sticks of white pine masts and bowsprits, as they lay in Missisque river, and promised to pay the said plaintiffs therefor the sum of twelve dollars and fifty cents, for each stick of said timber, excepting such sticks (if any there were) that were, at the time of making said contract, broken and rendered unfit for market, by geting on the rocks or otherwise rendered unfit for market, to be paid to the said plaintiffs or either of them, at the dwelling house of the said Roswell But-

ler, in St. Albans, on the first day of September, 1817 ; aver-
ment that said forty-one sticks were unbroken, &c.

2d count, for goods sold and delivered.

*Plea*—Non assumpsit:

Verdict and Judgment for plaintiffs.

On the trial the defendants contended, that, by the contract
set forth in the declaration, the defendants were liable to pay
for no more timber than they actually received, and offered
evidence to show that they received but ten sticks of the tim-
ber mentioned in the contract. This evidence was excluded
by the Court;

The defendants then offered to shew, that, in the spring of
1817, before the timber was received by the defendants, a share
of said timber was destroyed by certain persons, without the
privity or consent of the defendants. This evidence was ex-
cluded by the Court.

The defendants were permitted to shew the quality and quan-
tity of the timber which plaintiffs had in the river, at the time
of the contract, and that instead of forty-one sticks there were
but ten sticks which they could have received.

Errors assigned :

1. Insufficiency of the declaration,

2. The exclusion of the evidence;

For the plaintiff in error, *Royce* contended : That the con-
tract declared on, was executory to buy and receive at a fixed
price ; that the property of the timber not actually received
by plaintiffs in error, still remains in defendants in error, and
at their risque as to the acts of God, or of strangers, and that
defendants could recover for no more timber than was actually
received by plaintiffs, or at most, for that which they could rea-
sonably have taken possession of.

*Contra. Swift :* That as the promise, by the plaintiffs in
error, was to pay for the sticks of timber that then lay in Mis-
sisque river, and to take them there ; a delivery of the timber
was not necessary, nor was it competent for the plaintiffs in

2 D

error to prove that the timber was taken by trespassers, after the contract was made.

By the Court.   The purchase of the timber lying in Missisque river at different places, and the agreement to receive the timber as it lay in the river, was an executed contract, a sale which placed the property at the disposal and risque of the plaintiffs in error ;  the whole agreement taken together, and the situation of the property, did not require any other delivery to transfer the property, and the plaintiffs in error were liable, by the contract, to pay for all the sticks of timber which actually lay in the river, and they could have taken possession of at the time of making the contract.

As the sale was complete the subsequent acts of trespassers could not excuse the purchasers from the payment.

*Judgment*—There is no error, and Judgment of County Court affirmed.